# COMMON PLEAS COURT

No. 484

HAYHURST et v. HAYHURST et
Hamilton Common Pleas
No. 199594.   Decided March, 1926

357. DEAD BODIES—No property therein and cannot be made subject of a will to become part of estate.

215. CEMETERY—In which deceased expressed his desire to be interred, governed by testimony other than that of children of said deceased.

ROETTINGER, J.

John Hayhurst, Sr., died at the residence of his daughter, Pearl Kumpf on Feb. 22, 1925, leaving surviving him, seven children, John, Clinton and Steven Hayhurst, Pearl Kumpf, Ella Davidson, Mollie Shipman and Sallie Dell.

The remains were to be interred in Woodlawn Cemetery but as weather conditions prohibited the interment the remains were received in a vault of the Glen Haven Cemetery.

Four children, named as defendants were about to inter the body in the Maple Grove Cemetery where a son of the deceased was buried. Learning of this intention, the plaintiff children obtained an order, restraining the defendants from interring the remains in said Maple Grove Cemetery.

The plaintiffs contend that their father during his lifetime expressed the wish to be buried in the Woodlawn Cemetery beside the body of his deceased wife. The defendants contend that their father expressed a wish to be buried in the Maple Grove Cemetery on the same lot with his son. The Hamilton Common Pleas held:

1. Because of the feeling which actuated all the children, the testimony of other witnesses will, to a large extent, govern the decision in this case.

2. Several witnesses, without the slightest interest in the outcome of this case testify that the deceased, in no uncertain terms, expressed his desire that his remains should rest beside the body of his son.

3. Cases of this nature must be considered by a court of equity on its own merits having due regard to the wishes of the decedent and to the rights and feelings of those entitled to be heard by reason of relationship and association.

4. There can be no property in a dead body and therefore a man cannot by will, dispose of same, and it does not become part of his estate.

5. Greater credence must be given to the testimony of the defense and it is apparent that it was really the wish of the deceased to be buried near his son in the Maple Grove Cemetery.

Judgment accordingly.

Attorneys—Morrow, Dickerson & Kittering for plaintiffs; Wm. Thorndyke for defendants; all of Cincinnati.

---

No. 485

In Re, FLANNIGAN, ex parte
Hamilton Common Pleas
No. 196555

601. HABEUS CORPUS—In an action to regain custody of a child the best interest of the child is paramount to the right of the father to the possession of such child.

ROETTINGER, J.

William Flannigan, the subject of this litigation, is a boy about 12 yrs. of age, residing with his maternal grandmother. The mother of this boy died some time before the institution of these proceedings, and at her death he commenced to reside at the home of his grandmother, Mary Maloney, who practically became a second mother to him.

At a later date the father of the boy married his present wife and regained custody of the child. There are two children issue of this union. From the evidence introduced it is shown that shortly after the birth of these two children relations became extremely strained between the second wife and this boy. In fact there was testimony showing actual mistreatment of the boy by the second wife.

Rebelling against these mistreatments, the boy went to the house of his grandmother to live. She refused to give up custody of the boy when demanded by the father. He brought an action in Habeus Corpus. The Court of Common Pleas held:

1. Although the general rule is that a father's right to his children are paramount, this rule has in late years been deviated from whenever the interests of children of tender years are best served by such deviation.

2. According to decision in Elwood v. Elwood, the interests of minors are paramount to everything else, the court going even so far as to say that it is paramount to the comity existing between states and the "full faith and credit" clause of the constitution. 3 Abs. 213.

Writ of Habeus Corpus denied.

Attorneys—Earl Westerfield and Clarence Denning for Flannigan; Michael Lacinak for Maloney; all of Cincinnati.